IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Civil Action No. 5:11CV178

FILED
STATESVILLE, N.C.

DEC 15 2011

U.S. District Court
Western District of N.C.

Matt Jenkins )
)
    Plaintiff, )
)
vs. ) **COMPLAINT**
) JURY TRIAL DEMANDED
Pro Consulting Services Inc. )
)
    Defendant )
)

**Plaintiff alleges as follows:**

### INTRODUCTION

This is an action for damages and injunctive relief under the Telephone Consumer Protection Act (hereinafter, "TCPA") as found in 47 U.S.C. §227, et. seq.; the Fair Debt Collection Practices Act (hereinafter, "FDCPA") as found in 15 U.S.C. §1692, et. seq.; for Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers as found in N.C. Gen. Stat. §58-70,

### THE PARTIES

1. Plaintiff, Matt Jenkins, is a natural person that resides in North Carolina.

2. Plaintiff is a person as defined in 47 U.S.C. §153(32), a consumer as defined in 15 U.S.C. §1692a(3), and a consumer as defined in N.C. Gen. Stat. §58-70-90(2)

3. Upon information and belief, Defendant, Pro Consulting Services Inc. is a business entity with a principal business office located in Texas as listed with the North Carolina Secretary of State.

4. Defendant, Pro Consulting Services Inc.is a "person" as defined in 14 U.S.C. §153(32), a "debt collector" as defined in 15 U.S.C. 1692a(6), and a "collection agency" as defined in N.C. Gen. Stat. §58-70-90(1)

### JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. §1332(a).

6. The Plaintiff and the Defendant are located in different states and the matter in controversy exceeds $75,000.

7. Jurisdiction of this Court concurrently arises under 15 U.S.C. §1692k(d).

## FACTUAL ALLEGATIONS

8. Within four years from the date of the filing of this complaint, the Defendant placed telephone calls to the Plaintiffs cellular telephone, (562) 882-0300, using an automatic telephone dialing system or an artificial or prerecorded voice.

9. At no time, has the Plaintiff directly provided his telephone number to the Defendant.

10. Upon information and belief, the Defendant obtained the Plaintiff's number through their own skip-tracing efforts.

11. The Defendant did not obtain express consent from the Plaintiff prior to placing the subject calls to the Plaintiffs cell phone (562) 882-0300.

12. The Defendant did not place the subject telephone calls to the Plaintiff's telephone for an emergency purpose.

13. The Defendant placed the aforementioned telephone calls to the Plaintiff's telephone knowingly and/or willfully with an autodialer or an artificial or prerecorded voice

14. The Defendant, by placing the subject telephone calls to the Plaintiff's cellular telephone, caused him to incur costs directly attributable to the subject telephone calls.

15. During the subject time frame, the Plaintiff repeatedly communicated to the Defendant to cease placing telephone calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

16. On or about November 17, 2010, during one of the conversations between the Plaintiff and the Defendant, the Plaintiff once again requested that the Defendant cease placing autodialed calls to his cellphone. The Defendant stated that they would continue to call until the Plaintiff paid a delinquent debt that the Defendant claimed the Plaintiff owed.

17. After previously requesting, more than once, that the Defendant remove the Plaintiff's cell phone number from their autodialer, the Defendant still continued to place calls to the Plaintiff's cell phone with an autodialer or an artificial or prerecorded voice for the purpose of harassment.

18. During the subject time frame, including within one year of the filing of the complaint, the Defendant left messages failing to disclose that the communications were from a debt collector.

19. During the subject time frame, including within one year of the filing of the complaint, the Defendant left messages failing to disclose the Defendant's state registered business name.

20. During the subject time frame, including within one year of the filing of the complaint, the Defendant left messages claiming that the calls were coming from their pre-legal department and inferring that an attorney had reviewed the Plaintiff's account and that unless the Plaintiff paid off a delinquent account owed to their client, they would recommend legal action against the Plaintiff.

21. Upon information and belief, the aforementioned representations made by the Defendant to the Plaintiff were misleading, false and deceptive in that, the Defendant is not licensed to practice law in North Carolina, Texas, nor any other jurisdiction nor did they have the authority to make any legal decisions or recommendations.

22. During the subject time frame, including within one year of the filing of the complaint, the Defendant repeatedly placed phone calls to the Plaintiffs relatives over 2,500 miles away claiming that they were calling regarding a delinquent debt that the Plaintiff owed and requesting that his relatives pass a message on to the Plaintiff to return the Defendant's phone calls regarding this debt, this despite the fact that the Plaintiff had already repeatedly spoken to the Defendant.

23. The Defendant's repeated phone calls and communications to the Plaintiffs relative's were not made with the intent to acquire location information, as the Defendant already had the Plaintiff's contact information, but were made with the intent to harass the Plaintiff and his family, additionally the Defendant did not have the Plaintiff's permission to disclose to his family that their communications were made in an attempt to collect a debt allegedly owed by the Plaintiff to the Defendant's client.

24. Within one year of the filing of the complaint, the Defendant stated that the Plaintiff had incurred a debt using an account for his own personal gain and benefit during some of the messages left by the Defendant for the Plaintiff.

25. Upon information and belief, the Defendant was attempting to collect on an account which was used primarily for personal or household purchases allegedly owed by the Plaintiff.

26. Within three years of the filing of the complaint, the Defendant placed phone calls and sent dunning letters to the Plaintiff in an attempt to collect on a delinquent debt the Plaintiff allegedly owed to the Defendant's client. Upon information and belief the subject account the Defendant was attempting to collect was/is time-barred based on the Defendants own records as the subject account had become delinquent more than 3 years prior to Defendant's collection attempts.

27. The Defendant's dunning letters and phone calls sought acknowledgment of the time-barred debt from the Plaintiff by seeking payment from the Plaintiff but failed to disclose the nature and consequences of affirming or acknowledging any debt barred by the statute of limitations and the fact that the Plaintiff was not legally obligated to make any affirmation or acknowledgment of a time-barred debt under North Carolina law.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE TCPA

28. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

29. Under 47 U.S.C. § 227(b)(1)(A)(iii), it is unlawful for any person within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

30. Under 47 U.S.C. § 227(b)(3), et. seq., the Plaintiff has a private right of action for violations of 47 U.S.C. § 227(b)(1)(A)(iii).

31. The TCPA is a strict liability statute.

32. The Defendant placed calls during the subject time frame which contained violations of 47 U.S.C. § 227(b)(1)(A)(iii).

33. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to statutory damages of not less than $500.00 per violation, and up to $1500.00 per violation.

34. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to injunctive relief.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

35. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

36. Defendant called Plaintiff's cellular telephone during the subject time frame leaving messages without disclosing that the communication was from a debt collector in violation of North Carolina General Statute § 58-70-110(2)

37. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

38. As a result of Defendants violations of the North Carolina General Statute § 58-70-110(2), Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

39. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

40. After being requested to stop placing calls to the Plaintiff's cellular telephone, the Defendant continued to place calls to the Plaintiff's cellular telephone for the purpose of harassment violating North Carolina General Statute § 58-70-100(3) and/or North Carolina General Statute § 58-70-115

41. As a result of Defendants violations of the North Carolina General Statute § 58-70-100(3) and/or North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b)

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

42. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

43. The Defendant's placing of telephone calls to the Plaintiff's cellular telephone number without his prior express consent through the use of an automatic telephone dialing system and/or a prerecorded message player was in violation of North Carolina General Statute § 58-70-100 and/or North Carolina General Statute § 58-70-115

44. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

45. As a result of Defendants violations of the North Carolina General Statute § 58-70-100 and/or North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

46. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

47. Defendant's failure to disclose to the Plaintiff, the nature and consequences of affirming or acknowledging any debt barred by the statute of limitations and the fact that the Plaintiff was not legally obligated to make any affirmation or acknowledgment of a time-barred debt was an act of "unfair practices" in debt collection under North Carolina General Statute § 58-70-115(1)

48. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

49. As a result of Defendant's violations of North Carolina General Statute § 58-70-115(1), Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation for each collection attempt pursuant to North Carolina General Statute § 58-70-

130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

50. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

51. Defendant's placement of telephone calls to the Plaintiff's cellular telephone without fully identifying themselves and causing the Plaintiff to incur charges was in violation of North Carolina General Statute § 58-70-100(2) and/or North Carolina General Statute § 58-70-115

52. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

53. As a result of Defendant's violations of the North Carolina General Statute § 58-70-100 and/or North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

54. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

55. Defendant's communications made to the Plaintiff's relatives claiming that the Plaintiff owed a debt to their client without his permission and repeated placement of telephone calls to the Plaintiff's relative's that were not placed for the purpose of location information were in violation of North Carolina General Statute § 58-70-105(1) and/or North Carolina General Statute § 58-70-115

56. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

57. As a result of Defendant's violations of the North Carolina General Statute § 58-70-105 and/or North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## EIGHTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

58. The Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

59. The Defendant is not licensed to practice law in the state of North Carolina nor any other jurisdiction and they may not claim or infer that they have the ability to make legal threats including that they may handle legal "claims" on behalf of another person, represent that they have an ability to provide legal services on behalf of another person or assist with settlement discussions on behalf of another. The Defendant's actions constitute the unauthorized practice of law in North Carolina

60. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

61. As a result of Defendants violations of North Carolina General Statute § 58-70-120 and/or North Carolina General Statute § 58-70-95(7)/(8), and /or North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## NINTH CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

62. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

63. Defendant's communications violated the (F.D.C.P.A.) 15 U.S.C. § 1692 et seq. by:

    a. using unfair or unconscionable means in an attempt to collect a debt or an alleged debt including the use of an automatic telephone dialing system or prerecorded/artificial voice without the consent of the called party in violation of 15 U.S.C. § 1692d and/or 15 U.S.C. § 1692f
    b. causing charges to be made to the Plaintiff in the Defendant's attempt to collect a debt or alleged debt in violation of 15 U.S.C. § 1692f(5)
    c. failing to provide meaningful disclosure of the callers identity in violation of 15 U.S.C. § 1692d(6)
    d. disclosing to a third party without the Plaintiff's prior consent that the Defendant was attempting to collect a debt allegedly owed by the Plaintiff in violation of 15 U.S.C. § 1692c(b)
    e. causing the telephone to ring or engaging any person in telephone conversations repeatedly in violation of 15 U.S.C. § 1692d(5)
    f. failing to include the notice that the communication was from a debt collector in violation of 15 U.S.C. §§ 1692e(11)
    g. violating the North Carolina Collection Agency Act in violation of 15 U.S.C. § 1692f
    h. making false and misleading representations in their attempts to collect a debt in violation of 15 U.S.C. § 1692e

64. As a result of Defendants violations of the F.D.C.P.A., the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages of up to $1000.00

per action pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff's pray that judgment be entered against the Defendants:

1. For $1500.00 per violation of the TCPA;

2. For $1000.00 for violation of the FDCPA;

3. For an Order enjoining Defendant from placing any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

4. For an award of statutory damages of $ 4000.00 per violation of the North Carolina Debt Collection Statutes pursuant to North Carolina General Statute § 58-70-130(b)

5. Costs, and attorney's fees pursuant to North Carolina General Statute § 58-70-130(a), North Carolina General Statute § 75-16, 47 USC 227(b)(3)(C), 15 U.S.C. 1692k(a), and;

6. award such other and further relief as the Court deems just and proper under the circumstances

Dated: December 15, 2011

Respectfully submitted,

W. Andrew LeLiever
N.C. State Bar No: 37384
LELIEVER LAW, P.A.
5 W. Hargett St., Ste. 206
Raleigh, NC 27601
Telephone: 919-906-4687
lelieverlaw@hotmail.com
*Counsel for Plaintiff*